IN THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

DANIEL H. OVERMYER,

       Plaintiff,

vs.

THE UNITED STATES OF AMERICA,

       Defendant.

_____

**COMPLAINT**
_____

The Plaintiff, Daniel H. Overmyer, by and through his attorney, Kevin A. Planegger of Michael J. Abramovitz, P.C., alleges in his Complaint against the United States of America as follows:

I. <u>PARTIES, JURISDICTION AND VENUE</u>

1. The Plaintiff, Daniel H. Overmyer, is a citizen of the United States and is a resident of the State of Colorado.  His current address is 17457 D East Rice Circle, Aurora, Colorado, 80015.

2. The United State of America is the Defendant ("United States" or "IRS"), by and through the actions of its agency, the Internal Revenue Service.

3.  This is a suit arising under Section 7422 of the Internal Revenue Code for the refund of the trust fund recovery penalty assessed and collected from Plaintiff pursuant to Internal Revenue Code Section 6672.

4. Jurisdiction is conferred upon this Court by Section 1340 of Title 28 of the United States Code.

5. Venue is proper in this Court because the Plaintiff resides in the State of Colorado.

## II.  FIRST CLAIM FOR RELIEF

6. The Plaintiff repeats and alleges paragraphs 1 through 5 as if fully set forth herein.

7. On or about March 1, 1982, the Internal Revenue Service assessed the trust fund recovery penalty against the Plaintiff in the amount of $9,200.09 pursuant to Internal Revenue Code Section 6672 for the tax periods ending June 30, 1978 and June 30, 1979.

8. The March 1, 1982 assessment of the trust fund recovery penalty was allegedly based on the Plaintiff's involvement with, and responsibility for, the failure of National Distribution Service, Inc. to pay over to the IRS the withheld portion of the company's employment tax liabilities.

9. The assessment of the trust fund recovery penalty against the Plaintiff on March 1, 1982 was erroneous and illegal.

10. The Plaintiff did not receive the required notice fo the proposed assessment as required pursuant to Section 6672 of the Internal Revenue Code.

11. The Plaintiff was not a responsible person with respect to National Distribution Service, Inc. and did not willfully fail to pay over withheld employment taxes as required for personal liability pursuant to the trust fund recovery penalty of Section 6672 of the Internal Revenue Code.

12. The Plaintiff made a $100 payment and filed and administrative claim for refund on Form 843 on or about October 2005. A true and correct copy of the claim for refund is attached as Exhibit A.

13. On November 15, 2005, the IRS mailed to the Plaintiff a legal notice of disallowance of his claim for refund. A true and correct copy of the notice of disallowance is attached as Exhibit B.

14. Plaintiff has overpaid the trust fund recovery penalty assessment made on March 1, 1982, and is entitled to a refund of his $100 payment, plus interest, no part of which has been refunded to Plaintiff.

15. Plaintiff is the sole owner of his claim against the Defendant and had made no assignment of said claim.

### III.  SECOND CLAIM FOR RELIEF

16. The Plaintiff repeats and alleges paragraphs 1 through 5 as if fully set forth herein.

17. On or about February 25, 1982, the Internal Revenue Service assessed the trust fund recovery penalty against the Plaintiff in the amount of $9,200.09 pursuant to Internal Revenue Code Section 6672 for the tax periods ending June 30, 1978, September 30, 1978, December 31, 1978,  and December 31, 1980.

18. The February 25, 1982 assessment of the trust fund recovery penalty was allegedly based on the Plaintiff's involvement with, and responsibility for, the failure of AGG Projects, Inc. to pay over to the IRS the withheld portion of the company's employment tax liabilities.

19. The assessment of the trust fund recovery penalty against the Plaintiff on February 25, 1982 was erroneous and illegal.

20. The Plaintiff did not receive the required notice fo the proposed assessment as required pursuant to Section 6672 of the Internal Revenue Code.

21.  The Plaintiff was not a responsible person with respect to National Distribution Service, Inc. and did not willfully fail to pay over withheld employment taxes as required for personal liability pursuant to the trust fund recovery penalty of Section 6672 of the Internal Revenue Code.

22.  The Plaintiff made a $100 payment and filed and administrative claim for refund on Form 843 on or about October 5, 2005. A true and correct copy of the claim for refund is attached as Exhibit A.

23.  On November 15, 2005, the IRS mailed to the Plaintiff a legal notice of disallowance of his claim for refund.  A true and correct copy of the notice of disallowance is attached as Exhibit B.

24.  Plaintiff has overpaid the trust fund recovery penalty assessment made on March 1, 1982, and is entitled to a refund of his $100 payment, plus interest, no part of which has been refunded to Plaintiff.

25.  Plaintiff is the sole owner of his claim against the Defendant and had made no assignment of said claim.

## IV.  THIRD CLAIM FOR RELIEF

26. The Plaintiff repeats and alleges paragraphs 1 through 5 as if fully set forth herein.

27.  On or about April 10, 1985, the Internal Revenue Service assessed the trust fund recovery penalty against the Plaintiff in the amount of $110,641.29 pursuant to Internal Revenue Code Section 6672 for the tax periods ending March 31, 1981, June 30, 1981 and September 30, 1981.

28. The April 10, 1985 assessment of the trust fund recovery penalty was allegedly based on the Plaintiff's involvement with, and responsibility for, the failure of Freight Delivery Service to pay over to the IRS the withheld portion of the company's employment tax liabilities.

29. The assessment of the trust fund recovery penalty against the Plaintiff on April 10, 1985 was erroneous and illegal.

30. The Plaintiff did not receive the required notice fo the proposed assessment as required pursuant to Section 6672 of the Internal Revenue Code.

31. The Plaintiff was not a responsible person with respect to Freight Delivery Service and did not willfully fail to pay over withheld employment taxes as required for personal liability pursuant to the trust fund recovery penalty of Section 6672 of the Internal Revenue Code.

32. The Plaintiff made a $100 payment and filed and administrative claim for refund on Form 843 on or about October 5, 2005. A true and correct copy of the claim for refund is attached as Exhibit A.

33. On November 15, 2005, the IRS mailed to the Plaintiff a legal notice of disallowance of his claim for refund.  A true and correct copy of the notice of disallowance is attached as Exhibit B.

34. Plaintiff has overpaid the trust fund recovery penalty assessment made on April 10, 1985, and is entitled to a refund of his $100 payment, plus interest, no part of which has been refunded to Plaintiff.

35. Plaintiff is the sole owner of his claim against the Defendant and had made no assignment of said claim.

V.  FOURTH CLAIM FOR RELIEF

36. The Plaintiff repeats and alleges paragraphs 1 through 5 as if fully set forth herein.

37. On or about June 3, 1985, the Internal Revenue Service assessed the trust fund recovery penalty against the Plaintiff in the amount of $184,434.24 pursuant to Internal Revenue Code Section 6672 for the tax periods ending March 31, 1981, June 30, 1981 and September 30, 1981.

38. The June 3, 1985 assessment of the trust fund recovery penalty was allegedly based on the Plaintiff's involvement with, and responsibility for, the failure of TOFC Terminals, Inc. to pay over to the IRS the withheld portion of the company's employment tax liabilities.

39. The assessment of the trust fund recovery penalty against the Plaintiff on June 3, 1985 was erroneous and illegal.

40. The Plaintiff did not receive the required notice fo the proposed assessment as required pursuant to Section 6672 of the Internal Revenue Code.

41. The June 3, 1985 assessment was barred by the statute of limitations on assessment.

42. The Plaintiff was not a responsible person with respect to TOFC Terminals, Inc. and did not willfully fail to pay over withheld employment taxes as required for personal liability pursuant to the trust fund recovery penalty of Section 6672 of the Internal Revenue Code.

43. The Plaintiff made a $100 payment and filed and administrative claim for refund on Form 843 on or about October 5, 2005. A true and correct copy of the claim for refund is attached as Exhibit A.

44. On November 15, 2005, the IRS mailed to the Plaintiff a legal notice of disallowance of his claim for refund.  A true and correct copy of the notice of disallowance is attached as Exhibit B.

45.  Plaintiff has overpaid the trust fund recovery penalty assessment made on June 3, 1985, and is entitled to a refund of his $100 payment, plus interest, no part of which has been refunded to Plaintiff.

46.  Plaintiff is the sole owner of his claim against the Defendant and had made no assignment of said claim.

## VI.  PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that:

A.  The Court enter judgment against the Defendant on the claims for relief set forth above; and

B.  The Court grant such other and further relief as the Court deems just and proper.

DATED:

                                       Respectfully submitted,

                                       s/Kevin A. Planegger
                                       Kevin A. Planegger
                                       Attorney for Plaintiff
                                       Michael Abramovitz, P.C.
                                       1600 Broadway, Suite 2600
                                       Denver, CO 80202
                                       (303) 592-5454