# MICHAEL ABRAMOVITZ, P.C.
## ATTORNEY AT LAW

1600 BROADWAY  
SUITE 2600  
DENVER, COLORADO 80202

(303) 592-5454  
FAX (303) 832-8304  
MJA@COLORADOTAXLAW.NET

October 5, 2005

Internal Revenue Service  
Collection Division  
Special Procedures Function, MS: 5019  
Attn: Revenue Officer Maureen Neal  
50 South 200 East  
Salt Lake City, UT 84111

Re: Daniel H. Overmyer, 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  
     Form 843 - Claim for Refund  
     Trust Fund Recovery Penalty

Dear Ms. Neal:

We represent the taxpayer, Daniel H. Overmyer. Our Power of Attorney on Form 2848 is enclosed, along with Form 843 and our check payable to the United States Treasury for $100.

1. <u>Request for a Hearing if Claim for Refund is Denied</u>.

In the event the Claim for Refund is denied by SPF, the taxpayer desires to appeal the assessment of the trust fund recovery penalty to the Appeals Office and requests a hearing before an Appeals Officer.

2. <u>Name and Address of Taxpayer</u>.

Daniel H. Overmyer, 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  
17457 East Rice Circle, #D  
Aurora, CO  80015

3. <u>Assessment of the Trust Fund Recovery Penalty</u>.

The company which did not pay its Form 941 employment taxes was Florida Delivery Service, Inc.; the company was based in Atlanta, Florida, and was a fully owned subsidiary of RT Systems, Inc.

The tax periods involved and amount of the trust fund recovery penalty assessed against Mr. Overmyer are:

| | |
|---|---|
| 7906 | $ 9,200.09 |
| 8012 | $ 34,948.23 |
| 8109 | <u>$295,075.53</u> |
| TOTAL | $339,223.85 |

Internal Revenue Service
Collection Division
Special Procedures Function
October 5, 2005
Page 2

4. <u>Unagreed Findings</u>.

The Taxpayer does not agree to the finding that he was a "responsible person" within the meaning of Code section 6672(a) with respect to Florida Delivery Service, Inc.

In addition, even if the Taxpayer is found to be a responsible person, he disagrees with the finding that he acted "willfully" within the meaning of Code section 6672(a).

5. <u>Statement of Facts</u>.

The statement of facts will be supplemented when we receive the underlying documentation for the assessment of the penalty against Mr. Overmyer. We have requested this information pursuant to the Freedom of Information Act.

6. <u>Statement of the Law</u>.

Code §6672(a) imposes a trust fund recovery penalty against "any person required to collect, truthfully account for, and pay over any [withheld payroll] tax", and "who willfully fails to" perform such duties. There are two conditions which must be satisfied before an individual can be held liable under this provision: (1) he must be a person responsible for the collection and payment of withholding taxes; and (2) he must willfully fail to collect and pay over such taxes.

It is well-established that the test for determining the responsibility of a person under section 6672 is essentially a functional one, focusing upon the degree of influence and control which the person exercised over the financial affairs of the corporation and, specifically, disbursements of funds and the priority of payments to creditors. <u>Gephart v. United States</u>, 818 F.2d 469, 473, 87-1 USTC ¶9319 at 87,710 (6th Cir. 1987).

The determination of responsibility is a matter of substance, not merely form. A court must carefully weigh the facts to determine if a person had enough status, duties and authority to constitute "the power to control the decision-making process by which the employer corporation allocated funds. In other words, a court must ascertain if the person had sufficient status, duties and authority to be "a person with ultimate authority over expenditure of funds." <u>Godfrey v. United States</u>, 748 F.2d 1568,

Internal Revenue Service
Collection Division
Special Procedures Function
October 5, 2005
Page 3

84-2 USTC ¶9974 at 85,983 (Fed. Cir. 1984); Heimark v. United States, 18 Cls. Ct. 15, 89-2 USTC ¶9499 at 89,431 (1989).

The person to be held liable under section 6672(a) must be "responsible" for collecting, truthfully accounting for, and paying any tax imposed under the Internal Revenue Code. Harmon v. United States, 92-2 USTC ¶50,489 at 85,682 (D. Colo. 1992). Liability attaches to those with power and responsibility within the corporate structure for ensuring that the taxes are remitted to the government. Monday v. United States, 421 F.2d 1210, 1214, 70-1 USTC ¶9205 at 82,830 (7th Cir. 1970), cert. denied, 400 U.S. 821 (1970). This duty generally resides with high corporate officials charged with general control over corporate business affairs and who participate in decisions concerning payment of creditors and disbursement of funds. Harmon v. U.S., id.; O'Connor v. United States, 956 F.2d 48, 92-1 USTC ¶50,074 at 83,298 (4th Cir. 1992).

The courts and the Service agree that a determination of "responsible person" status must be based upon all relevant facts and circumstances, and they have identified numerous factors to be considered. Bauer v. United States, 543 F.2d 142, 76-2 USTC ¶9720 (Ct. Cl. 1976); IRM 5633.3(4). Indicia of responsibility include holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. Denbo v. United States, 988 F.2d 1029, 93-1 USTC ¶50,177 at 87,662 (10th Cir. 1993).

Factors to be considered in determining whether a corporate official is a responsible person include:

(1) the duties of the officer as outlined in the corporate bylaws;
(2) the individual's power to sign corporate checks;
(3) the identity of the corporation's officers, directors and shareholders;
(4) the identity of the individuals who handle employment decisions, and
(5) the identity of the individuals who control the company's financial affairs.

Gephart v. U.S., supra at 87,710; Harmon v. U.S., id.

Other factors include whether the person was responsible for preparation and payment of payroll, and whether he signed and filed

Internal Revenue Service
Collection Division
Special Procedures Function
October 5, 2005
Page 4

the quarterly employment tax returns on Form 941. <u>Bauer v. U.S.</u>, <u>supra</u> at 85,311.

The presence of any one or more of these factors is not determinative. "Mere office holding of and by itself does not render one responsible for the collection and paying over of employee withholding taxes." <u>Bauer v. U.S.</u>, <u>supra</u> at 85,311; see, IRM 5633.3(5); <u>Godfrey v. U.S.</u>, <u>id</u>. A party cannot be presumed to be a responsible person merely from titular authority. <u>O'Connor v. U.S.</u>, <u>id</u>. The focus instead must be on substance rather than form. <u>Pototzky v. United States</u>, 8 Cls. Ct. 308, 85-1 USTC ¶9438 at 88,211 (1985). It is also well established that mere check signing authority, or even the actual signing of checks, does not in itself establish responsibility. IRM 5633.3(5); <u>Godfrey v. U.S.</u>, <u>id</u>; <u>Pomeroy v. United States</u>, 87-1 USTC ¶9329 at 87,747 (S.D.W.Va. 1987); <u>Roggeman v. United States</u>, 85-2 USTC ¶9473 at 89,076 (N.D. Ill. 1981). "Responsibility for withholding taxes does not turn on the ministerial act of signing checks but on authority to control the disposition of funds." <u>Abramson v. United States</u>, 48 B.R. 809, 85-1 USTC ¶9380 at 88,005 (E.D. N.Y 1985). Case law discloses that authority to sign checks, without more, is a weak pillar on which to rest section 6672 liability. <u>Pototzky v. U.S.</u>, <u>supra</u> at 88,212. Similarly, the mechanical duty of preparing employment tax returns is not determinative of section 6672 liability. <u>Godfrey v. U.S.</u>, <u>id</u>.

After analysis of all relevant factors, the ultimate test for identifying a responsible person is whether he had "ultimate authority over expenditure of funds." Such a person or persons must have "made the final decisions, and decided what creditors were, or were not, paid." <u>Bauer v. U.S.</u>, <u>supra</u> at 85,311; <u>Godfrey v. U.S.</u>, <u>id</u>.

> Critical is the <u>power to make decisions</u> resulting in the disbursement of funds either to the United States or others. (emphasis added)
> <u>Pomeroy v. U.S.</u>, <u>id</u>.

IRS Policy Statement P-5-60(2/93) now recognizes and incorporates these well-established principles:

> Responsibility is a matter of status, duty, and authority. Those performing ministerial acts without exercising

Internal Revenue Service
Collection Division
Special Procedures Function
October 5, 2005
Page 5

>       independent judgment will not be deemed
> responsible.
>
>       In general, non-owner employees of the
> business entity, who act solely under the
> dominion and control of others, and who are
> not in a position to make independent
> decisions on behalf of the business entity,
> will not be asserted the trust fund recovery
> penalty.

The second element of Code §6672 is "willfulness":

>       The term "willful" means intentional,
> deliberate, voluntary, knowing, as
> distinguished from accidental. Willfulness is
> construed to be the attitude of a person who,
> having a free will or choice, either
> intentionally disregards the law or is plainly
> indifferent to its requirements.
> IRM 5633.4(1).

The Tenth Circuit agrees with the definition of willfulness which has been adopted by every circuit which has reached the issue:

>       Willfulness, in the context of section
> 6672, means a "voluntary, conscious and
> intentional decision to prefer other creditors
> over the Government." <u>Burden v. United
> States</u>, 486 F.2d 302, 304, 73-2 USTC ¶9547 at
> 81,748 (10th Cir. 1973).
> <u>Denbo v. U.S.</u>, <u>id</u>.

The willfulness requirement is satisfied if a responsible person "acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes." <u>Denbo v. U.S.</u>, <u>supra</u> at 87,663.

The Supreme Court has clearly ruled that:

>       Section 6672 cannot be read as imposing upon
> the responsible person an absolute duty to

Internal Revenue Service
Collection Division
Special Procedures Function
October 5, 2005
Page 6

> "pay over" amounts which should have been collected and withheld. The fact that the provision imposes a "penalty" and is violated only by a "willful failure" is itself strong evidence that it was not intended to impose liability without personal fault ... . [T]he statute cannot be construed to impose liability without fault ...
> Slodov v. United States, 436 U.S. 238, 78-1 USTC ¶9447 at 84,210 (1978).

The Legal Reference Guide for Revenue Officers is in conformity with a long line of judicial authority that a responsible person must be a person who "knowingly and intentionally used [corporate funds] to pay operating expenses of the business or other debts with a freedom of choice as to payment." (emphasis supplied) Text 731(1) of IRM 57(16)0.

> There is no need to determine any bad motive or evil intent on the part of the responsible party. Rather, all that needs to be shown is that the responsible party was aware of the outstanding taxes and deliberately declined to pay them over or has knowledge they are not being paid. In other words, he/she intentionally and knowingly caused the delinquency in payment of trust fund taxes. This is the essence of the responsible officer's personal liability under IRC 6672.'
> Text 731(1) of IRM 57(16)0.

If a person who is responsible for the collection and payment of withholding taxes prefers other creditors over the United States at a time when he does not know that employment taxes have not been paid, he has not willfully failed to collect and pay over the taxes. Chappell v. United States, 75-1 USTC ¶9296 at 86,642 (S.D. Ind. 1975). It is also well-established that:

> Mere negligence in failing to ascertain facts regarding a tax delinquency is insufficient to constitute willfulness under the Code.
> Turpin v. United States, 970 F.2d 1344, 92-2 USTC ¶50,383 at 85,241 (n. 4) (4th Cir. 1992).

Internal Revenue Service
Collection Division
Special Procedures Function
October 5, 2005
Page 7

See, Denbo v. U.S., supra at 87,662; Godfrey v. U.S. supra at 85,984 (quoting Bauer v. U.S., supra).

Although negligence is not sufficient, the willfulness element is met if a responsible person shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government ... ." (citations omitted). A responsible person's failure to investigate or to correct mismanagement after being notified that withholding taxes have not been paid satisfies the section 6672 willfulness requirement. Denbo v. U.S., id.

As with the determination of responsible person status, the court must consider all facts and circumstances to determine the willfulness element because "the question of willfulness is one of fact." Dudley v. United States, 428 F.2d 1196, 70-2 USTC ¶9520 at 84,202 (9th Cir. 1970).

An analysis of the facts of this case (which we will provide in detail when we receive the underlying documents from the government) illustrates that Mr. Overmyer was neither a responsible person with respect to the corporation nor did he act willfully in failing to pay over the corporation's employment tax liability.

8. Declaration.

Upon penalties of perjury, I declare that I prepared the foregoing Protest based upon facts and information supplied to me by the Taxpayer and by the Service, and to the best of my knowledge and belief, all facts are true, correct and complete.

Sincerely yours,

Kevin A. Planegger

THM/fh
cc: Daniel Overmyer (w/encls.)
    Jeffrey S. Brinen (w/encls.)

| Form **843** (Rev. November 2005) Department of the Treasury Internal Revenue Service | **Claim for Refund and Request for Abatement** ▶ See separate instructions. | OMB No. 1545-0024 |
|---|---|---|

Use Form 843 only if your claim involves **(a)** one of the taxes shown on line 3a or **(b)** a refund or abatement of interest, penalties, or additions to tax on line 4a.

**Do not** use Form 843 if your claim is for—
- An overpayment of income taxes;
- A refund for nontaxable use (or sales) of fuel; or
- An overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| Name of claimant | Your SSN or ITIN |
|---|---|
| Daniel H. Overmyer | 289 : 18 : 5225 |
| Address (number, street, and room or suite no.) | Spouse's SSN or ITIN |
| 17457 East Rice Circle, #D | |
| City or town, state, and ZIP code | Employer identification number (EIN) |
| Aurora, CO 80015 | |
| Name and address shown on return if different from above | Daytime telephone number |
| N/A | ( 303 ) 592-5404 (POA) |

**1  Period.** Prepare a separate Form 843 for each tax period
From 6 / 30 / 1979    to    9 / 30 / 1981

**2  Amount to be refunded or abated**
$ 339,223.85 plus interest

**3a  Type of tax, penalty, or addition to tax:**
☐ Employment   ☐ Estate   ☐ Gift   ☐ Excise (see instructions)
☑ Penalty—IRC section ▶ 6672

**b  Type of return filed (see instructions):**
☐ 706   ☐ 709   ☐ 940   ☑ 941   ☐ 943   ☐ 945   ☐ 990-PF   ☐ 4720   ☐ Other (specify)

**4a  Request for abatement or refund of:**
☐ Interest as a result of IRS errors or delays.
☐ A penalty or addition to tax as a result of erroneous advice from the IRS.
**b  Dates of payment ▶** $100 with this Claim for Refund / Request for Abatement

**5  Explanation and additional claims.** Explain why you believe this claim should be allowed, and show the computation of your tax refund or abatement of interest, penalty, or addition to tax. If you need more space, attach additional sheets.

**See attached letter**

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the signature must be accompanied by the officer's title.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete.

_[signed]_ POA    Date 10/5/05
Signature (Title, if applicable. Claims by corporations must be signed by an officer.)

Signature    Date

For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.    Cat. No. 10180R    Form **843** (Rev. 11-2005)

| Form **2848** (Rev. December 1997) Department of the Treasury Internal Revenue Service | **Power of Attorney and Declaration of Representative** ▶ See the separate instructions. | OMB No. 1545-0150 For IRS Use Only Received by: Name _____ Telephone _____ Function _____ Date   /   / |
|---|---|---|

▪ **Power of Attorney** (Please type or print.)

**1   Taxpayer information** (Taxpayer(s) must sign and date this form on page 2, line 9.)

| Taxpayer name(s) and address<br><br>Daniel H. Overmyer<br>17457 D East Rice Circle<br>Aurora, CO  80015 | Social security number(s)<br>289 : 18 : 5225<br><br>Daytime telephone number<br>(303) 592-5404 POA | Employer identification number<br><br><br><br>Plan number (if applicable) |
|---|---|---|

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** (Representative(s) must sign and date this form on page 2, Part II.)

| Name and address<br>Michael J. Abramovitz<br>1625 Broadway, Suite 770<br>Denver, CO 80202 | CAF No. 8000-00017R<br>Telephone No. 303-592-5404<br>Fax No. 303-592-5439<br>Check if new: Address ☐   Telephone No. ☐ |
|---|---|
| Name and address<br>Ted H. Merriam<br>1625 Broadway, Suite 770<br>Denver, CO 80202 | CAF No. 8000-33841R<br>Telephone No. 303-592-5404<br>Fax No. 303-592-5439<br>Check if new: Address ☐   Telephone No. ☐ |
| Name and address<br>Kevin A. Planegger<br>1625 Broadway, Suite 770<br>Denver, CO 80202 | CAF No. 8006-06829R<br>Telephone No. 303-592-5404<br>Fax No. 303-592-5439<br>Check if new: Address ☐   Telephone No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3   Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) |
|---|---|---|
| Income | 1040 | 1980, 1981, 1989, 1994 1995, 2001 |
| Employment Trust Fund Recovery Penalty | 941 | 7312, 7906, 8012, 8109 |
| Other Federal Taxes | 720 | 8206 |

**4**   Specific use not recorded on Centralized Authorization File (CAF). If the power of attorney is for a specific use not recorded on CAF, check this box. (See instruction for Line 4—Specific uses not recorded on CAF.)   .   .   .   .   .   .   .   .   .   .   ▶ ☐

**5**   Acts authorized. The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative unless specifically added below, or the power to sign certain returns (see instruction for Line 5—Acts authorized).

   List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..............................
   ........................................................................................................
   ........................................................................................................

Note: *In general, an unenrolled preparer of tax returns cannot sign any document for a taxpayer. See Revenue Procedure 81-38, printed as Pub. 470, for more information.*

Note: *The tax matters partner of a partnership is not permitted to authorize representatives to perform certain acts. See the instructions for more information.*

**6**   Receipt of refund checks. If you want to authorize a representative named on line 2 to receive, BUT NOT TO ENDORSE OR CASH, refund checks, initial here _____ and list the name of that representative below.

   Name of representative to receive refund check(s) ▶

For Paperwork Reduction and Privacy Act Notice, see the separate instructions.       Cat. No. 11980J       Form **2848** (Rev. 12-97)

Form 2848 (Rev. 12-97)                                                                                  Page 2

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2 unless you check one or more of the boxes below.

  **a** If you want the first representative listed on line 2 to receive the original, and yourself a copy, of such notices or communications, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

  **b** If you also want the second representative listed to receive a copy of such notices and communications, check this box . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

  **c** If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here. . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

× _[signature: Daniel H. Overmyer]_           8/11/03
              Signature                                   Date                     Title (if applicable)

            Print Name

            Signature                                   Date                     Title (if applicable)

            Print Name

**Declaration of Representative**

Under penalties of perjury, I declare that:
- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:
  - **a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
  - **b** Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.
  - **c** Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.
  - **d** Officer—a bona fide officer of the taxpayer's organization.
  - **e** Full-Time Employee—a full-time employee of the taxpayer.
  - **f** Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).
  - **g** Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d)(1) of Treasury Department Circular No. 230).
  - **h** Unenrolled Return Preparer—an unenrolled return preparer under section 10.7(c)(viii) of Treasury Department Circular No. 230.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.**

| Designation—Insert above letter (a–h) | Jurisdiction (state) or Enrollment Card No. | Signature | Date |
|---|---|---|---|
| a. | Colorado | _[signature]_ | 8-11-03 |
| a. | Colorado | _[signature]_ | 8-11-03 |
| a. | Colorado | _[signature]_ | 8/11/03 |

```
COPS WORLDWIDE INC.                                              4118
410 17TH STREET
DENVER, CO 80202-4402                                         82-7026/3070
                                       DATE Sept. 29, 2005        57008

PAY
TO THE
ORDER OF  U.S. Treasury Department                    $  100.00

  One hundred dollars $                         xx/100   DOLLARS

      KeyBank National Association    Daniel H. Overmyer
      Denver, Colorado 80202          SSN: 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
      1-888-KEY4BIZ  Key.com
                                                   Katharine Nass
      Trust Fund Recovery Penalty
FOR   Periods 7906, 8018 and 8109
      Form 843
        ⑈004118⑈  ⑆307070267⑆  760080008153⑈
```